UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 2 3 2010 ★

BROOKLYN OFFICE

------------------------------------------------------------

MICHAEL KENNY **10**   **2910**

Plaintiff,

Docket No.:

**COMPLAINT**

-against-

*Jury Trial is Demanded*

THE COUNTY OF NASSAU, POLICE
OFFICER RAYMOND (Shield No. 7802) in his
individual and official capacities, POLICE
OFFICER AMADIO in his individual and official
capacities;

SEYBERT,

ORIGINAL

Defendants.

xBOYLE, M.J.

------------------------------------------------------------

PLAINTIFF, MICHAEL KENNY, by and through his Attorneys, The Law Offices Of

Frederick K. Brewington, providing the following Complaint and state and allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of the

Plaintiff's rights, abuse of process, assault, battery, and gross negligence, brought pursuant to

42 U.S.C. § 1983.

2. Specifically, the Plaintiff alleges that the Defendants (collectively and

individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and

did wrongfully deprive him of his Constitutional rights, pursuant to the above-mentioned

statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3. Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully harassed, physically assaulted, and used excessive force against Plaintiff, MICHAL KENNY.

4. Plaintiff alleges that the Defendants (collectively and individually) used excessive force against plaintiff and were grossly negligent in their handing of Plaintiff while in custody.

5. Defendants were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to the interactions with and treatment of Plaintiff as described herein.

6. Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring, and supervising its Police Officers, employees, representatives, and/or agents. Further, Plaintiff alleges that Defendants (collectively and individually) were deliberately indifferent to the need to train its Officers. Accordingly, Defendants are liable to the Plaintiff for abuse of process, use of excessive force, for conspiring to condone and encourage such civil rights violations and for maliciously failing to investigate and punish the actions of the individual Defendants.

7. As a result of the Defendants' actions, Plaintiffs suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of the Defendants as a result of their use of excessive force.

2

## JURISDICTION AND VENUE

8.  The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

9.  This court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to *28 U.S.C.* § 1367.

10. Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Nassau County.

11. On or about August 27, 2009, PLAINTIFF KENNY served a notice of claim on the municipal DEFENDANTS pursuant to General Municipal Law § 50-e. Thereafter, on December 22, 2009 a hearing was conducted by the COUNTY OF NASSAU regarding the notice of claim pursuant to General Municipal Law § 50H.

## PARTIES

12. Plaintiff, MICHAL KENNY (hereinafter "PLAINTIFF" or "PLAINTIFF KENNY") is a forty one (41) year old male who currently resides in Freeport, New York. At the time of the incident PLAINTIFF was a resident of Nassau County.

13. Upon information and belief, the defendant COUNTY OF NASSAU (hereinafter "COUNTY" or "DEFENDANT" or "DEFENDANT COUNTY") is a duly constituted municipal corporation of the State of New York. Upon information and belief, the COUNTY formed and has direct authority over several different departments including the Nassau County Police Department. The aforementioned department and/or employees, agents, or

3

representatives of this departments is directly involved in violations that are at issue in this Complaint.

14. Upon information and belief, Defendant POLICE OFFICERS RAYMOND (Shield No. 7802) (hereinafter "RAYMOND" or "DEFENDANT RAYMOND") and POLICE OFFICER AMADIO (hereinafter "AMADIO" or "DEFENDANT AMADIO") are employees, agents, representatives, police officers and/or detectives employed by the COUNTY OF NASSAU under the direction of the Nassau County Police Department. Defendants RAYMOND and AMADIO are being sued herein in their individual and official capacities.

## FACTUAL ALLEGATIONS

15.     On June 23, 2009 at or about 1:00 PM, PLAINTIFF KENNY was standing near or by a White Castle eatery located on Hempstead Turnpike, Village or Hempstead, Nassau County, New York State.

16. Upon information and belief, DEFENDANT, Police Officers RAYMOND and AMADIO were patrolling the area in an unmarked car at this time .

17. DEFENDANTS RAYMOND and AMADIO pulled into the parking lot wherein Plaintiff was situated, while operating the aforementioned  unmarked car. Defendant Officers were also wearing plain clothes.

18. At no time relevant to this Complaint was PLAINTIFF KENNY acting violent, disruptive, or in a dangerous manner to the public or any passersby.

19. At no time relevant to this Complaint was PLAINTIFF KENNY acting in any manner that would warrant police interaction or any force of a physical nature.

20. DEFENDANTS RAYMOND and AMADIO pulled into the parking lot in an unmarked car, with no official identifying marked, no overhead lights, no emergency lights on. There was nothing to identify the DEFENDANTS as law enforcement.

21. At this point DEFENDANT RAYMOND immediately and without cause, began to verbally abuse and yell at PLAINTIFF KENNY. Among other things, Defendant RAYMOND yelled "Come here, scumbag!"

22. Upon information and belief, both DEFENDANTS RAYMOND and AMADIO did not identify themselves as a Police Officers at any time prior to approaching, seizing, demeaning and/or yelling at PLAINTIFF KENNY.

23. DEFENDANTS RAYMOND and AMADIO, all of the sudden, without provocation, violently approached PLAINTIFF KENNY in a threatening and intimidating manner.

24. DEFENDANT RAYMOND is a stocky-built and muscular individual with many tattoos covering most of his arms.

25. Upon information and belief, at this time DEFENDANT RAYMOND was wearing a short-sleeved shirt which clearly displayed his prominent and intimidating tattoos.

26. When DEFENDANTS RAYMOND and AMADIO approached PLAINTIFF KENNY, PLAINTIFF KENNY had no way of determining the identity of DEFENDANT

RAYMOND or DEFENDANT AMADIO as police officers as no badge, or any other official police emblems, were displayed around their necks or on any other part of their persons.

27. DEFENDANTS RAYMOND and AMADIO did not, at any time, identify themselves as police officers before approaching PLAINTIFF KENNY.

28. DEFENDANTS RAYMOND and AMADIO both violently approached PLAINTIFF KENNY. DEFENDANT RAYMOND screamed out "Don't let me catch you scumbag!" and other such expletives and curse words.

29. In fear for his life, and not knowing that DEFENDANTS RAYMOND or AMADIO were Police Officers, PLAINTIFF KENNY fled, to preserve his safety and to avoid any conflict.

30. PLAINTIFF KENNY felt true fear for his life as DEFENDANTS RAYMOND and AMADIO were being belligerent, were not acting as a police officers, and were acting in a manner that was inconsistent with law enforcement.

31. Even after PLAINTIFF KENNY fled, DEFENDANTS RAYMOND and AMADIO did not identify themselves as police officers or give PLAINTIFF any lawful orders to stop.

32. At no point was there cause for DEFENDANT RAYMOND to pursue PLAINTIFF KENNY or verbally and physically attack him in any way.

33. DEFENDANT RAYMOND gave chase to Plaintiff and pursued Plaintiff for several yards. Once DEFENDANT RAYMOND caught-up to PLAINTIFF KENNY,

DEFENDANT RAYMOND began to physically assault and attack PLAINTIFF KENNY without provocation, justification or cause.

34. DEFENDANT RAYMOND, among other things, physically bludgeoned PLAINTIFF KENNY over the head with a blunt object, peppered sprayed Plaintiff in the face numerous times, punched and kicked PLAINTIFF KENNY all over his body – without provocation or cause of any kind.

35. While subjecting Plaintiff to excessive physical and verbal abuse, DEFENDANT RAYMOND then handcuffed Plaintiff behind his back.

36. PLAINTIFF KENNY was further subjected to more physical abuse from DEFENDANT RAYMOND after being handcuffed.

37. Specifically, DEFENDANT RAYMOND pulled PLAINTIFF KENNY up by his handcuffs and slammed Plaintiff down repeatedly into the concrete floor.

38. DEFENDANT RAYMOND also continued to kick, punch, slap and verbally assault PLAINTIFF KENNY all about his body while PLAINTIFF KENNY stood handcuffed, helpless and under the control of DEFENDANT RAYMOND.

39. DEFENDANT RAYMOND proceeded to further humiliate and embarrass PLAINTIFF KENNY while PLAINTIFF KENNY remained handcuffed by taking his wallet and removing PLAINTIFF KENNY'S identification and the one hundred and seventy dollars ($170.00) within the wallet, which was all the money that PLAINTIFF KENNY had left to his name.

40. At all times DEFENDANT RAYMOND knew that his force against Plaintiff was excessive and unwarranted.

41. At all times DEFENDANT RAYMOND knew that his abusive actions against were wrongful.

42. At all times DEFENDANT RAYMOND knew his actions against Plaintiff violated PLAINTIFF KENNY'S constitutionally-protected rights.

43. At all times DEFENDANT RAYMOND knew his actions were cruel and unusual and violated Plaintiff's procedural and substantive due process rights, including but not limited to Plaintiff's right to bodily integrity and right against cruel and unusual summary punishment.

44. At all times DEFENDANT RAYMOND knew his actions were grossly unreasonable.

45. As DEFENDANT RAYMOND continued to abuse PLAINTIFF KENNY, DEFENDANT OFFICER AMADIO unreasonably stood idle, watched, made callous comments and allowed the abusive actions against Plaintiff to occur beofre and after PLAINTIFF KENNY was handcuffed.

46. At all times relevant to the Complaint, DEFENDANT AMADIO knew or should have known that DEFENDANT RAYMOND'S abusive actions against PLAINTIFF KENNY were wrongful.

8

47. At all times DEFENDANT AMADIO knew or should have known that DEFENDANT RAYMOND'S physical actions against PLAINTIFF KENNY were grossly excessive and/or that Plaintiff was being subjected to unreasonably excessive force.

48. At all times DEFENDANT AMADIO knew that DEFENDANT RAYMOND'S abusive actions against PLAINTIFF KENNY were unreasonable.

49. At all times DEFENDANT AMADIO knew that DEFENDANT RAYMOND'S actions against PLAINTIFF KENNY violated PLAINTIFF KENNY'S Constitutional rights.

50. At all times DEFENDANTS RAYMOND and AMADIO knew that their actions against PLAINTIFF KENNY were contrary to the policies, procedures, protocols, rules, and regulations of the Nassau County Police Department.

51. At all times, both DEFENDANT OFFICERS had the power, authority, ability, and duty to cease and/or prevent the above-described abuse of Plaintiff.

52. Yet, with clear knowledge that the abusive actions being leveled against Plaintiff were wrongful in every way, DEFENDANT AMADIO stood by and allowed the abuse to continue against PLAINTIFF KENNY.

53.    PLAINTIFF KENNY was then falsely arrested by Defendant Officers and charged with resisting arrest, and assault.

54. PLAINTIFF KENNY was falsely charged by the DEFENDANTS in an effort to cover-up wrongdoing on their part against Plaintiff. Specifically, Defendant Officers falsely arrested Plaintiff and falsely charged Plaintiff with various crimes, including resisting arrest,

in order to justify the excessive unreasonable force to which they subjected Plaintiff - not because Plaintiff was actually guilty of any such crimes.

55. Plaintiff did not commit the crime of resisting arrest, nor did Plaintiff assault either of the DEFENDANT OFFICERS. DEFENDANT OFFICERS knew at all times that Plaintiff was not guilty of the crimes of which they falsely and maliciously charged Plaintiff.

56. As a direct result of Defendant Officers' abusive actions against PLAINTIFF, PLAINTIFF KENNY suffered a fractured eye socket, a punctured earlobe, bruises, abrasions, loss of blood, fractures, prolonged mental and physical suffering as well as other extensive physical injuries, which required Plaintiff to undergo medical treatment.

57. PLAINTIFF KENNY also suffered from special damages, medical fees/costs, false imprisonment, prolonged unreasonable confinement, malicious criminal prosecution, public humiliation, cruel and unusual punishment, other monetary cost/fees and severe emotional distress.

58. After the arrest of Plaintiff, and while in police custody, PLAINTIFF KENNY was sent to the Hospital where he spent half the day before being released back into the custody of the COUNTY OF NASSAU and/or the Nassau County Police Department.

59. When Plaintiff returned to the police precinct, Plaintiff was cause to suffer further abuse as he was being processed by DEFENDANT RAYMOND.

60. Upon information and belief, DEFENDANT RAYMOND has been sued, and numerous civilian complaints were made against DEFENDANT RAYMOND, in the past

10

because DEFENDANT RAYMOND frequently engages is similar types of abuse against innocent civilians.

61. Upon information and belief, DEFENDANT COUNTY OF NASSAU and/or the Nassau County Police Department is fully and totally aware of the past unreasonable abusive actions committed by DEFENDANTS RAYMOND and/or AMADIO against innocent persons, while both within and outside of the custody of the Nassau County Police.

62.     Upon information and belief, DEFENDANT COUNTY OF NASSAU represented and indemnified DEFENDANTS RAYMOND and/or AMADIO in the past in response to numerous complaints made/filed against DEFENDANT RAYMOND due to his unreasonable behavior against innocent persons while acting within his scope of his official police duties.

63. Upon information and belief, the DEFENDANT COUNTY OF NASSAU knew/knows of previous and pending lawsuits and constant complaints relating to the brutality of DEFENDANT RAYMOND and/or AMADIO and abuse of his police power against innocent citizens, such as PLAINTIFF KENNY.

64. The DEFENDANT COUNTY acting grossly negligent, wantonly, knowingly, and intentionally allowed DEFENDANT RAYMOND and/or AMADIO to continue be on patrol and exposed to members of the public even after multiple civilian complaints continue to be made against DEFENDANT RAYMOND.

65. DEFENDANT POLICE OFFICERS' actions against Plaintiff were not done in

11

furtherance of the *written* policies of the COUNTY OF NASSAU. Instead, COUNTY Defendants' were all motivated by goals outside of COUNTY such as preparing to defend themselves against a potential lawsuit and civilian complaints.

66.     COUNTY Defendant Police Officers' actions against Plaintiff were not done in furtherance of the *written* policies of the COUNTY OF NASSAU. Instead, COUNTY Police Defendants' were all motivated by goals outside of COUNTY such as attempting to shield themselves from personal liability for their actions against Plaintiff.

67.     The Collective Defendants Conspired to deprive Plaintiff protections, rights, and privileges under the law and also conspired to deprive Plaintiff of his right to be free from false arrest, malicious prosecution and abuse of the criminal process - all of which caused great detriment to Plaintiff.

68.     Plaintiff was acquitted of the false charges leveled upon him by DEFENDANT OFFICERS.

**AS AND FOR A FIRST COUNT,**

**42 U.S.C. § 1983**

68. PLAINTIFF KENNY repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 67 of this Complaint with the same force and effect though fully set forth herein.

69. Under color of law, the POLICE OFFICER DEFENDANTS, their agents, employees and servants deprived the PLAINTIFF KENNY of his Fourth, Fifth, and

Fourteenth Amendment rights to protection from unlawful search and seizure, unreasonable and excessive force, cruel and usual punishment as well as Plaintiff's substantive due process rights to bodily integrity.

70.   The POLICE OFFICER DEFENDANTS, their agents, employees and servants, lacked reasonable suspicion to stop and detain Plaintiff, KENNY and the Collective Defendants, their agents, employees and servants lacked probable cause to arrest PLAINTIFF KENNY or retain him in prolonged custody. .

71.   The wrongful stop, false detainment, assault, wrongful arrest, malicious prosecution, and other wrongful acts conducted against the Plaintiff by the DEFENDANT POLICE OFFICERS were committed under color of law, customs, and statutes of the State of New York who conspired to assist COUNTY Defendants under the color of law to deprive Plaintiff of his various constitutional rights.

72.   Under color of law, the POLICE OFFICER DEFENDANTS, their agents, employees and servants deprived the Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, equal protection and due process (procedural and substantive), by falsely arresting, wrongfully detaining, unlawfully and falsely charging the plaintiff with criminal charges, for which there was no truth, evidence, or substantiation of any kind.

73.   The accusations of wrongful actions leveled against the Plaintiff were false and were an attempt to cover up the false arrest, abuse of process, intentional and false imprisonment, false accusations, harassment, malicious prosecution, defamation and abuse of process which has been inflicted by the Collective Defendants on the Plaintiff.

13

74.    The false arrest of plaintiff KENNY without probable cause, and other wrongful acts conducted against the plaintiff by Collective Defendants, including, but not limited to defendant's unconstitutionally seizing, falsely arresting, intentionally and falsely imprisoning, falsely accusing, harassing, defaming, and maliciously charging Plaintiff KENNY constitutes a violation of plaintiff's rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as the Collective Defendants had a duty to not subject Plaintiff to false arrest and summary punishment, but failed to prevent same and breached their duty.

75.    The POLICE OFFICER DEFENDANTS, their agents, employees and servants acted under color of law to deny the Plaintiff, his constitutional rights to due process and freedom from seizure, by wrongfully charging Plaintiff and holding him under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

76.    As a direct consequence of Collective Defendants' wrongful actions, negligent behavior, and violation of State and Federal laws, Plaintiff was deprived of his freedom; was subject to great physical mental and emotional harm; was made to suffer great pain and suffering; was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

14

77. DEFENDANT AMADIO further participated in the abuse of process by trying to cover-up the physical and emotional abuse that occurred to PLAINTIFF KENNY at the hands and feet of DEFENDANT RAYMOND.

78. At no point did DEFENDANT AMADIO come forward or attempt to correct the wrongs and civil rights abuses that PLAINTIFF KENNY was subject to.

79. DEFENDANT AMADIO participated in covering up the civil rights violations that occurred to PLAINTIFF KENNY at the hands of DEFENDANT RAYMOND.

80. As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, PLAINTIFF KENNEY was deprived of his freedom; was subject to great physical mental and emotional harm; was made to suffer great pain and suffering; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

81. The wrongful accusations of resisting arrest and assault brought against PLAINTIFF KENNY are false and were an attempt to cover up the excessive force used by DEFENDANT RAYMOND, and deliberate indifference to PLAINTIFF KENNY'S injuries.

82. The DEFENDANTS, their agents, employees and servants acted under color of law to deny PLAINTIFF KENNY his constitutional rights to due process and freedom from unlawful seizures in the form of excessive force and false imprisonment, by wrongfully charging PLAINTIFF KENNY with resisting arrest, and for allowing PLAINTIFF KENNY to be released back into his abuser, DEFENDANT RAYMOND'S custody after going to the

hospital, without any probable cause for the chase and arrest, without any reasonable or rational basis for this conduct the rights secured to PLAINTIFF KENNY by the Fifth and Fourteenth Amendments of the United States Constitution were violated.

83.   As a direct result of Defendant Officers' abusive actions against PLAINTIFF, PLAINTIFF KENNY suffered a fractured eye socket, a punctured earlobe, bruises, abrasions, loss of blood, fractures, prolonged mental and physical suffering as well as other extensive physical injuries, which required Plaintiff to undergo medical treatment.

84. PLAINTIFF KENNY also suffered from special damages, medical fees/costs, false imprisonment, prolonged unreasonable confinement, malicious criminal prosecution, public humiliation, cruel and unusual punishment, other monetary cost/fees and severe emotional distress.

85.   The by reason of the foregoing, PLAINTIFF KENNY has been damages in the sum of One Million Dollars ($1,000,000.00).

**AS AND FOR A SECOND COUNT**

**42 U.S.C. § 1983**

**<u>Municipal Liability</u>**

86.     The plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs 1 through 85 of this Complaint with the same force and effect as though fully set forth herein.

87.     In actively inflicting and failing to prevent the above stated abuses incurred by

16

Plaintiff, the defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations.  Said rights are guaranteed to the Plaintiff by 42 U.S.C. §§ 1983, 1985, 1986 and by the Fourth, Fifth, and Fourteenth Amendment of the Constitution.

88.     COUNTY OF NASSAU has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses and arrest of persons by police officers of the COUNTY, and the wrongful detention of the same.

89.     Although such police conduct was improper, said incidents were covered up by the COUNTY, its agents, employees and servants by official claims that the officers' harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials.

90.     Said charges and official claims have been fully backed by the COUNTY OF NASSAU, which has repeatedly and  unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by its officers against minority persons, including Plaintiffs herein.

91.     Defendant COUNTY OF NASSAU has repeatedly and continuously engaged in, and/or allowed is police officers such as Defendants RAYMOND AND AMADIO to knowingly and willingly file false reports, false criminal complaints, false criminal allegations, and false charges against innocent individuals such as Plaintiff - with immunity.

17

92.     As a direct result of the COUNTY OF NASSAU's policy, practice of allowing it

Police officers, such as Defendants RAYMOND AND AMADIO, to make false criminal

complaints against innocent individuals, the COUNTY OF NASSAU has been subjected to

many federal and state Complaints and lawsuits alleging that Police officers routinely file false

reports against innocent persons in violation of section 1983.

93.     For examples of similar lawsuits filed against the COUNTY alleging false arrest

and malicious prosecution wherein the County allowed its officers to make false reports against

innocent persons, see, *inter alia*: **[1]** *Darryl T. Coggins v County of Nassau, et al.,* Docket No:07-

CV-3624 (JFB)(AKT); **[2]** *Mitchell v. The County of Nassau, et.al.,* Docket NO.: CV-05-4957

(SF) (WDW); *[3] Crews, et.al. v. County of Nassau, et.al.,* Docket No.: CV-06-2610 (JFB)(WDW).

See also, *[4] Conte v. County of Nassau,* 06-CV-4746 (JFB)(ETB)**;** *[5] Coyle v. County of*

*Nassau, et al.,* 03 CV 3286(ADS)(ARL); *[6] Lehman v. Kornblau,* 99-cv-6517(ADS)**,** etc . . .

94.     Additionally, the COUNTY OF NASSAU has systematically failed to identify

the improper abuse, misuse, violative acts and brutality by police officers and officials, while

further failing to subject such officers and officials to discipline, closer supervision or restraint.

The COUNTY's continual refusal to train, supervise, instruct, discipline, and assure that the

repeated abuses of it police officers (including writing true and accurate reports, perjury, falsely

charging individuals, establishing probable cause, proper arrest procedures, and excessive force)

was properly addressed constituted deliberate indifference to the rights, safety, and dignities

secured by the public at large (including Plaintiff herein).  As a direct result its police officers

continually write false reports, perjure themselves, falsely charge innocent persons and/or trump-

up charges, arrest without probable cause, and subject individuals to excessive force.

18

95.     Upon information and belief, specific systemic flaws in the COUNTY OF

NASSAU'S misconduct review process include but are not limited to the following:

    a. Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

    b. Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

    c. Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

    d. Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

    f. hastily accepting the polices' above- as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

96.     Said cover-up by the defendant, COUNTY OF NASSAU, was executed in this

case, where the Defendant COUNTY, its agents, employees and servants failed to sufficiently

investigate the truthfulness and accuracy of the Defendant Officer's, statements and instead

acted under color of statute to knowingly, recklessly and/or negligently impose false criminal

charges upon the Plaintiff.

97.     By permitting and assisting such a pattern of police misconduct, the Defendant,

COUNTY OF NASSAU acted under color of custom and policy to condone, encourage and

promote the deprivation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights; to wit the

defendants RAYMOND AND AMADIO were encouraged by the COUNTY OF NASSAU, to

believe that their actions against the Plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

98.     As alleged above, Upon information and belief, DEFENDANT RAYMOND has been sued, and numerous civilian complaints were made against DEFENDANT RAYMOND, in the past because DEFENDANT RAYMOND frequently engages is similar types of abuse against innocent civilians.

99.     Upon information and belief, DEFENDANT COUNTY OF NASSAU and/or the Nassau County Police Department is fully and totally aware of the past unreasonable abusive actions committed by DEFENDANTS RAYMOND and/or AMADIO against innocent persons, while both within and outside of the custody of the Nassau County Police.

100.     Upon information and belief, DEFENDANT COUNTY OF NASSAU represented and indemnified DEFENDANTS RAYMOND and/or AMADIO in the past in response to numerous complaints made/filed against DEFENDANT RAYMOND due to his unreasonable behavior against innocent persons while acting within his scope of his official police duties.

101.     Upon information and belief, the DEFENDANT COUNTY OF NASSAU knew/knows of previous and pending lawsuits and constant complaints relating to the brutality of DEFENDANT RAYMOND and/or AMADIO and abuse of his police power against innocent citizens, such as PLAINTIFF KENNY.

102.     The DEFENDANT COUNTY acting grossly negligent, wantonly, knowingly, and

intentionally allowed DEFENDANT RAYMOND and/or AMADIO to continue be on patrol and exposed to members of the public even after multiple civilian complaints continue to be made against DEFENDANT RAYMOND.

103.    COUNTY OF NASSAU's actions in knowingly allowing the repeat abuses by its

DEFENDANT POLICE OFFICERS to continue amounts to a pattern, practice, policy, and or custom of allowing such abuses to continue upon innocent civilians and the COUNTY OF NASSAU, in effect, ratified and condoned said abuses.

104.    The violations of Plaintiff's rights as asserted herein was also due to the

COUNTY OF NASSAU's failure to train, supervise and control its agents, employees, and police officers, including DEFENDANT OFFICERS herein. The COUNTY knew at all times that said failure to train its employees would lead to the very injuries suffered by PLAINTIFF .

105.    As a consequence of the defendants' systemic practice, pattern, and custom of

intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of their freedom and physically and emotionally harmed, to the extent of which he suffered from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, anxiety, and related emotional distress..

106.    As a proximate cause of the COUNTY OF NASSAU's custom and policy of

supporting and effectively promoting the very same police abuses which occurred against Plaintiff, said Plaintiff was subjected to great fear, personal humiliation and degradation and physical inury.

107.    That by reason of the foregoing, Plaintiff has been damaged in the sum of ONE

MILLION DOLLARS ($1,000,000.00).

## AS AND FOR THE THIRD CAUSE OF ACTION:
## MALICIOUS PROSECUTION

86. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 107 of this Complaint with the same force and effect as though fully set forth herein.

87. DEFENDANTS RAYMOND and AMADIO lacked reasonable suspicion to stop and detain PLAINTIFF KENNY, and further lacked and probable cause to arrest PLAINTIFF KENNY; retain PLAINTIFF KENNY; and/or cause PLAINTIFF KENNY to be detained and prosecuted.

88. COLLECTIVE DEFENDANTS knew that Plaintiff did not commit the crimes of which he was charged. Nevertheless, Defendants falsely arrested and charged Plaintiff with crimes that he did not commit and actively supported the prosecution of Plaintiff at every stage.

89. The subsequent malicious prosecution of PLAINTIFF KENNY, following his wrongful arrest, was conducted by DEFENDANT COUNTY with knowledge that PLAINTIFF KENNY was wrongfully stopped, falsely detained, assaulted, battered, and wrongfully arrested.

90. Such malicious prosecution was committed by Collective DEFENDANTS under color of law, customs, and statutes of the State of New York.

22

91. Under color of law, the DEFENDANTS deprived PLAINTIFF KENNY of his rights to protection from unlawful search and seizure by falsely charging him criminally and prosecuting PLAINTIFF KENNY pursuant to such criminal statutes, for which there is no evidence or substantiation of any kind to support the allegations.

92. The accusations of wrongful actions leveled against PLAINTIFF KENNY were false and were an attempt by the DEFENDANTS, acting individually and collectively, to cover up the false arrest and abuse of process which has been inflicted by DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO on PLAINTIFF KENNY.

93. DEFENDANTS collectively and individually initiated the prosecution of PLAINTIFF KENNY and/or caused the initiation of said prosecution based upon their affirmative bad-faith actions outlined above.

94. As a consequence of DEFENDANTS', collective and individual, wrongful actions, gross negligence, and violations of New York State law, PLAINTIFF KENNY was deprived of his freedom, was made to suffer physical and emotional injuries, was caused to suffer special damages, including legal fees and medical costs; was subject to great fear, terror, personal humiliation and degradation.

95. That by reason of the foregoing, PLAINTIFF KENNY has been damaged in the sum of One Million Dollars ($ 1,000,000.00).

## AS AND FOR THE FOURTH CAUSE OF ACTION:
### ABUSE OF PROCESS

96. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 117 of this Complaint with the same force and effect as though fully set forth herein.

97. DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO, intentionally, recklessly, and maliciously filed and/or caused to be field, a false, inaccurate, and/or misleading criminal complaint against PLAINTIFF KENNY.

98. The criminal complaint was made by the aforementioned DEFENDANTS with knowledge that the criminal complaint was untruthful.

99. The false criminal complaint lodged by DEFENDANT NASSAU COUNTY was brought forth with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

100.    DEFENDANTS filed the false complaint and abused the criminal process for the sole purpose/motive to cover up their own illegal actions.

101.    DEFENDANTS, COUNTY OF NASSAU, RAYMOND and AMADIO, with knowledge of the inaccuracy and/or falsity of said criminal complaint made by DEFENDANTS without any investigation and/or rudimentary query, based upon facts existing at all time relevant to the Complaint; intentionally, recklessly and maliciously caused to be filed said false, inaccurate, and/or misleading criminal complaint against PLAINTIFF KENNY. Said criminal complaint was made by the aforementioned

24

DEFENDANTS without any actual research and investigation into the veracity and/or truthfulness of said complaint.

102.    The subsequent malicious prosecution of PLAINTIFF KENNY was done by DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO with the knowledge that such acts contained therein were false, misleading and/or otherwise inaccurate.

103.    DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO were motivated to commit these wrongs by self-serving ideas to insulate themselves from liability after subjecting PLAINTIFF KENNY to multiple violations of his civil rights.

104.    DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO were also motivated by political pressure from the COUNTY OF NASSAU and the desire to maintain/increase the COUNTY OF NASSAU'S high arrest and conviction rates.

105.    DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO'S clear intention was to falsely arrest, falsely prosecute and to cause harm to PLAINTIFF KENNY without proper motive, excuse, or justification of any kind.

106.    DEFENDANTS use of the criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of PLAINTIFF KENNY solely for a purpose that was/is outside the legitimate ends of the criminal process; the cover-up of clear police misconduct.

107.    As a direct consequence of the DEFENDANTS', collective and individual, wrongful actions, grossly negligent behavior, violation of state and federal laws,

25

PLAINTIFF KENNY was deprived of his freedom, subject to false criminal arrest, subject to malicious prosecution, made to suffer great personal physical injuries, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation, and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the DEFENDANTS.

108.    That by reason of the foregoing, PLAINTIFF KENNY has been damaged in the sum of One Million Dollars ($ 1,000,000.00).

## AS AND FOR THE FIFTH CAUSE OF ACTION:
### GROSS NEGLIGENCE / NEGLIGENCE

109.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 130 of this Complaint with the same force and effect as though fully set forth herein.

110.    DEFENDANTS COUNTY OF NASSAU, RAYMOND and  AMADIO, each of them in their individual and official capacities had a duty under New York State's Constitution and the Constitution of the United States to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious prosecution and false charging and other wrongful acts that were committed against PLAINTIFF KENNY.

111.    DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO, each of them in their individual and official capacities have a duty to conduct proper investigations with regard to all criminal complaints to assure that such criminal complaints are accurate and truthful. DEFENDANTS are required to undergo any and all investigative

procedures reasonably available to make sure persons, like PLAINTIFF KENNY, are not falsely/wrongfully arrested and charged.

112.     DEFENDANTS have a duty to arrest and prosecute individuals only when there is probable cause to effect and arrest and/or subject a person to said prosecution.

113.     In a grossly negligent manner, and/or with callous, reckless and outrageous disregard for the welfare of PLAINTIFF, DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO failed with respect to all of the above mentioned duties owed to PLAINTIFF KENNY.

114.     As a direct proximate cause DEFENDANTS COUNTY OF NASSAU, RAYMOND AND AMADIO'S failures, PLAINTIFF KENNY was caused to suffer great harm, including but not limited to, battery, assault, physical injury, mental anguish, emotional pain and suffering, legal costs and fees, false arrest, criminal prosecution, confinement, and other injuries/damages all of which were foreseeable and reasonably foreseeable by DEFENDANTS.

115.     PLAINTIFF KENNY would not have been cause to suffer any of the above mentioned injuries but for DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO's breach of duties and failures.

116.     In actively inflicting and failing to prevent the above stated abuses incurred by PLAINTIFF KENNY, DEFENDANTS COUNTY OF NASSAU, RAYMOND and AMADIO acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF KENNY against illegal search and seizure, physical abuse, detained custody

and arrest without other due process violations. Said rights are guaranteed to PLAINTIFF KENNY by the New York State Consituton and the United States Constitution.

117.    The breach of duty under the New York State Constitution by DEFENDANTS RAYMOND and AMADIO was a direct and proximate cause of the harm suffered by PLAINTIFF KENNY. Said harm include, pain and suffering, personal humiliation, and emotional and psychological damage.

118.    By reason of the foregoing, PLAINTIFF KENNY has been damaged in the sum of One Million Dollars ($ 1,000,000.00).

## AS AND FOR THE SIXTH CAUSE OF ACTION:
## VICARIOUS LIABILITY and/or *RESPONDEAT SUPERIOR*

119.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 118 of this Complaint with the same force and effect as though fully set forth herein.

120.    All of the above-mentioned improper actions taken by DEFENDANTS RAYMOND and AMADIO were committed while they were acting in furtherance of COUNTY OF NASSAU official business.

121.    All of the above mentioned improper actions taken by DEFENDANTS RAYMOND and AMADIO were committed while acting within the scope of their authority and assigned duties as employees, agent, and officer for the COUNTY OF NASSAU.

122.    The COUNTY OF NASSAU knew and/or should have known that said improper activity and blatant violations of PLAINTIFF KENNY'S constitutionally secured

rights were taking place by its employees while acting within the scope of their assigned duties.

123.    DEFENDANT RAYMOND effected a summary arrest on PLAINTIFF KENNY with no probable cause. DEFENDANT RAYMOND filed and/or caused to be filed, false/perjured statements pertaining to the arrest of PLAINTIFF KENNY.

124.    The above stated willful, reckless, negligent action taken by DEFENDANTS RAYMOND and AMADIO against PLAINTIFF KENNY, while acting within the scope of their authority was foreseeable and/or should have been reasonably anticipated by the COUNTY OF NASSAU.

125.    DEFENDANT COUNTY OF NASSAU is responsible and/or liable to PLAINTIFF KENNY for each and every above-described acts committed by DEFENDANTS RAYMOND and AMADIO while acting within the scope of their authority as employee's, agents, and law enforcement officers for the COUNTY OF NASSAU.

126.    As a direct result of DEFENDANTS grossly negligent acts, PLAINTIFF KENNY suffered and is entitled to damage sustained to date of the sum of One Million Dollars ($ 1,000,000.00).

## AS AND FOR THE SEVENTH CAUSE OF ACTION:
### CONVERSION

127.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 126 of this Complaint with the same force and effect as though fully set forth herein.

29

128.     DEFENDANT RAYMOND has no authority within, the scope of his duties, to intentionally exercise control over Plaintiff's legal property and thereby interfere with the Plaintiff's person's right of possession of Plaintiff's property.

129.     DEFENDANT RAYMOND acted without said authority, after PLAINTIFF KENNY was handcuffed and under police control, when DEFENDANT RAYMOND reached into PLAINTIFF KENNY'S pocket and removed PLAINTIFF KENNY'S wallet.

130.     DEFENDANT RAYMOND opened PLAINTIFF KENNY'S wallet and took for himself one hundred and seventy dollars ($170) which rightfully belonged to PLAINTIFF KENNY.

131.     DEFENDANT RAYMOND took said money with intent to exercise control over the property of PLAINTIFF KENNY and interfere with the right of possession of PLAINTIFF KENNY.

132.     DEFENDANT RAYMOND further removed and misappropriated PLAINTIFF KENNY'S identification.

133.     DEFENDANT RAYMOND had no right, privilege, permission, or authority to take PLAINTIFF money, and/or personal property outside the course of a legal arrest. Defendant RAYMOND had a duty to properly invoice and report any such property that he took from PLAINTIFF. Yet, Defendant RAYMOND kept Plaintiff's money for himself and did not report such taking.

134.     As a direct result, PLAINTIFF KENNY suffered monetary damages, in the amount of One Hundred Seventy Dollars ($170.00) - as well as the permanent loss of Plaintiff's other personal items.

## AS AND FOR THE EIGHTH CAUSE OF ACTION:

### BATTERY (Excessive Force)

135.     The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 134 of this Complaint with the same force and effect as though fully set forth herein.

136.     DEFENDANT RAYMOND at no point had probable cause to make a lawful arrest of Plaintiff.

137.     The physical force that was asserted upon Plaintiff was unwarranted, unnecessary, unreasonable, unauthorized, and without cause.

138.     At no time did PLAINTIFF give DEFENDANT OFFICERS permission or authority to subject him to harmful, dangerous, and unreasonable physical contact.

139.     DEFENDANT RAYMOND intentionally attacked PLAINTIFF KENNY without provocation or invitation with intent to cause physical harm upon Plaintiff.

140.     DEFENDANT RAYMOND did, in fact, subject PLAINTIFF to harmful physical contact as describe above.

141.     As a direct result, PLAINTIFF KENNY suffered extensive physical injuries and emotional distress in sum of One Million Dollars ($1,000,000.00).

31

## AS AND FOR THE NINTH CAUSE OF ACTION:

### ASSAULT (Excessive Force)

142.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 141 of this Complaint with the same force and effect as though fully set forth herein.

143.    DEFENDANTS RAYMOND and AMADIO, through their actions, place Plaintiff in fear of imminent offensive contact.

144.    DEFENDANTS RAYMOND and AMADIO intentionally sought to bring apprehension of immediate harm and/or offensive contact to PLAINTIFF KENNY when DEFENDANT RAYMOND yelled, threatened, and violently approached PLAINTIFF in a menacing and aggressive manner.

145.    DEFENDANTS RAYMOND and AMADIO ran down PLAINTIFF KENNY all the while yelling curses and threats in further attempt to place PLAINTIFF in fear of harmful contact.

146.    DEFENDANTS RAYMOND and AMADIO did, in fact, subject Plaintiff to harmful contact when they manhandled, beat, abused, tortured, punished PLAINTIFF and/or otherwise subjected Plaintiff to unreasonable physical and mental abuse.

147.    As a direct result, PLAINTIFF KENNY was caused to suffer and has been damaged to the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR THE TENTH CAUSE OF ACTION:
## FALSE ARREST AND FALSE IMPRISONMENT

148.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 147 of this Complaint with the same force and effect as though fully set forth herein.

149.    There was no reasonable cause or probable cause to arrest or detain PLAINTIFF. Defendant officers were aware, at all times, the Plaintiff did not resist arrest of wrongfully assault them.

150.    DEFENDANT RAYMOND falsely arrested PLAINTIFF KENNY in order to cover-up his own police misconduct of attacking PLAINTIFF KENNY without cause, reason or justification.

151.    DEFENDANTS RAYMOND and AMADIO intentionally restrained PLAINTIFF KENNY by handcuffing him and putting him in a prison cell knowing that they lacked basis to do so.

152.    At all times, PLAINTIFF KENNY knew that he was being confined and/or was wrongfully caused to loss of his freedom due to the unlawful restraint that DEFENDANT OFFICERS placed on PLAINTIFF without cause or justification.

153.    As a direct result of DEFENDANT'S RAYMOND and AMADIO false arrest and false imprisonment of PLAINTIFF KENNY, PLAINTIFF KENNY suffered extensive emotional distress and has been damaged to the sum of One Million Dollars ($1,000,000.00).

33

## PUNITIVE DAMAGES

154.     The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 153 of this Complaint with the same force and effect as though fully set forth herein.

155.     The acts of the INDIVIDUAL POLICE OFFICER DEFENDANTS were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm PLAINTIFF KENNY, without regard for PLAINTIFF'S well being, and were based on a lack of concern and ill-will towards PLAINTIFF KENNY. Such acts therefore deserve an award of One Million Dollars ($1,000,000.00) as punitive damages.

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS:

a.     On the First Cause of Action in the sum of One Million Dollars ($1,000,000.00);

b.     On the Second Cause of Action in the sum of One Million Dollars ($1,000,000.00);

c.     On the Fourth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

d.     On the Fifth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

e.     On the Sixth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

f.     On the Seventh Cause of Action in the sum of One Hundred and Seventy Dollars ($170.00) plus any additional cost to be determined by a jury/court;

g.     On the Eighth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

h.     On the Ninth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

i.   On the Tenth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

j.   Punitive Damages in the sum of One Million Dollars ($1,000,000.00);

k.   A Declaratory Judgment that DEFENDANTS willfully violated PLAINTIFF KENNY'S rights secured by federal and state law as alleged herein;

l.   Injunctive relief requiring DEFENDANTS to correct all past violations of federal and state law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

m.   An order granting such other legal and equitable relief as the court deems just and proper.

n.   Award costs of this action including attorney's fees to the PLAINTIFF pursuant to 42 U.S.C § 1988.

## A JURY TRIAL IS HEREBY DEMANDED.

Dated: June 23, 2010

Hempstead, New York

Signed,

GREGORY CALLISTE, JR. (GC8140)

FREDERICK K. BREWINGTON (FB5925)

THE LAW OFFICES OF FREDRICK K. BREWINGTON

*Attorneys for* DEFENDANT

556 Peninsula Blvd,

Hempstead, New York 11550

(516) 489-6959

35